

FILED

11 MAR 14 AM 9:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Nicholas A. Kurtz (SBN 232705)
nkurtz@dglegal.com
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty St., SW
Leesburg, Virginia 90210
Telephone:  (703) 777-7319
Facsimile:  (703) 777-3656

Attorneys for Plaintiff,
Jake Mandeville-Anthony

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JAKE MANDEVILLE-ANTHONY,
an individual,

        Plaintiff,

        v.

THE WALT DISNEY COMPANY;
WALT DISNEY PICTURES;
DISNEY ENTERPRISES, INC.;
PIXAR d/b/a PIXAR ANIMATION
STUDIOS; and DOES 1 - 10,
inclusive,

        Defendants.

CASE NO.: CV11  02137 VBF (JEMx)

COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT
2. BREACH OF IMPLIED-IN-FACT CONTRACT

DEMAND FOR JURY TRIAL

1

COMPLAINT

Plaintiff, JAKE MANDEVILLE-ANTHONY, demanding trial by jury, complains and alleges on information and belief as follows:

## I.

## PARTIES, JURISDICTION, AND VENUE

### Plaintiff

1.    Plaintiff, Jake Mandeville-Anthony, is, and at all relevant times was, a citizen of the United Kingdom and carried on business as an individual author, screenwriter, and actor.

### Defendants

2.    Defendant The Walt Disney Company is, on information and belief, a Delaware corporation that maintains its principal place of business in the County of Los Angeles, State of California.

3.    Defendant Walt Disney Pictures is, on information and belief, a California corporation that maintains its principal place of business in the County of Los Angeles, State of California.

4.    Defendant Disney Enterprises, Inc. is, on information and belief, a Delaware corporation that maintains its principal place of business in the County of Los Angeles, State of California.

5.    Defendant Pixar, doing business as Pixar Animation Studios, is, on information and belief, a California corporation that maintains its principal place of business in the County of Alameda, State of California.  On information and belief, Defendant Pixar is a wholly-owned subsidiary of Defendant The Walt Disney Company.

6.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues such Defendants by fictitious names.  Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named

1  Defendants was responsible in some manner for the occurrences herein alleged, and

2  that Plaintiff's losses, as herein alleged, were proximately caused by such conduct.

3  **Jurisdiction and Venue**

4      7.   Personal jurisdiction is proper because Defendants' principle places of

5  business are within this district and/or the act(s) of infringement complained of

6  herein occurred in this district.

7      8.   This Court has subject matter jurisdiction over these federal question claims

8  pursuant to 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. §§

9  1331(a). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367

10  because all other claims are so related to those claims over which the Court has

11  original jurisdiction as to form part of the same case or controversy.

12      9.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and/or 28

13  U.S.C. §1400(a).

14

15  **II.**

16  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

17  **Plaintiff's Copyrighted Works: "Cars" and "Cookie and Co."**

18      10.  At least as early as 1992, Plaintiff conceived of an idea for a series of

19  motion pictures or a television series/mini-series featuring cartoon cars characters.

20      11.  Beginning in 1992, Plaintiff began drafting screenplays, treatments,

21  synopses, and character lists documenting his cartoon cars characters' stories. One

22  work was a three part screenplay titled "Cookie & Co." and was based on the true-

23  life adventure by Michael Owen Perkins and Brian Mullineaux, who won the 1988

24  "London to Sydney Vintage Car Endurance Rally" in a yellow, 1924 open top

25  Vauxhall car called "Cookie." Plaintiff obtained a written assignment of all rights

26  to the story directly from Mr. Perkins.

27      12.  Plaintiff's second work was titled "Cars" (alternatively titled "Auto Excess"

28  or "Cars Chaos") and included a treatment, sample screenplay, synopses, 46

1   animated cars characters descriptions, 10 cars characters sketches, and a

2   marketing/merchandising plan.  Plaintiff had hired professional artist and car expert

3   Scott Hodges to complete the cartoon sketches, for which Mr. Hodges assigned in

4   writing any and all copyrights to Plaintiff.

5

6   **Defendants' involvement with Plaintiff and its access to "Cars" and**

7   **"Cookie and Co."**

8       13.  Beginning in or about the middle of 1992, Plaintiff sent copies of his

9   "Cookie & Co." and "Cars" works to various production companies and movie

10  studios via mail, including to the script department of Defendant The Walt Disney

11  Company.  In or about 1994, Plaintiff sent a revised version of his "Cars" work to

12  various production companies and movie studios via mail, including Defendant The

13  Walt Disney Company.  In or about 1996, Plaintiff sent a revised version of his

14  "Cookie & Co." work to various production companies and movie studios via mail,

15  including Defendant The Walt Disney Company and its affiliated television studios

16  in New York.  A line attributing copyright to Plaintiff was visible on his "Cookie &

17  Co." and "Cars" works either as "Jake Anthony" or his pseudonym "Ian

18  Quartermaine."  Plaintiff's works were never returned to him.

19      14.  On or about January 6, 1993, Plaintiff met in person with and personally

20  delivered copies of his "Cookie & Co." and "Cars" works to Jim Morris, who held

21  key executive positions with Lucasfilm Limited since 1987.

22      15.  On information and belief, John Lasseter, the director/producer and claimed

23  writer of Defendants' "Cars" motion picture, commenced working for Lucasfilm in

24  1983.

25      16.  On information and belief, certain divisions of Lucasfilm became

26  Defendant Pixar when the divisions were acquired by Apple co-founder Steve Jobs

27  in 1986.

28      17.  On information and belief, Mr. Morris joined Defendant Pixar in 2005 and

4

COMPLAINT

1  is currently the general manager of Defendant Pixar.

2  18. On information and belief, Mr. Lasseter is currently the chief creative

3  officer at Defendant Pixar. On information and belief, after Lucasfilm became

4  Pixar in 1986, Mr. Lasseter oversaw all of Pixar's films and associated projects.

5  19. On information and belief, on or about January 24, 2006, Defendant Pixar

6  entered into an agreement with The Walt Disney Company to merge the two

7  companies. On informant and belief, the merger became effective on May 4, 2006

8  wherein, from that time on, Pixar became a wholly-owned subsidiary of The Walt

9  Disney Company.

10

11  **Defendants' "Cars," "Cars 2," "Cars Toons" and Incorporation of Elements**

12  **from Plaintiff's "Cars" and "Cookie and Co."**

13  20. A comparison of Plaintiff's works and Defendants' "Cars," "Cars 2," and

14  "Cars Toons," including without limitation the characters, plots, themes, settings,

15  moods, and sequencing of each, reveals that Defendants' "Cars," "Cars 2," and

16  "Cars Toons" are substantially similar to Plaintiff's works.

17  21. One novel element of Plaintiff's "Cars" was that his cars characters would

18  be "anthropomorphic" (humanoid) with no drivers and, in fact, without humans or

19  reference to humans anywhere in the story or as characters. Defendants' "Cars,"

20  "Cars 2," and "Cars Toons" all incorporate this element. Defendants would later

21  claim this novelty as their own when describing their motion picture "Cars," stating

22  it was a creative concept unlike other animated movies that have come before: a

23  world without humans, where independent, fully anthropomorphized automobiles

24  are the only inhabitants.

25  22. Defendants' "Cars," "Cars 2," and "Cars Toons" also incorporate several

26  other elements from Plaintiff's "Cars" and "Cookie and Co.," most notably:

27  a. The title "Cars" is exactly the same. Further, on information and

28  belief, Defendants had also considered the title "The Yellow Car" for

their first motion picture.  Plaintiff's "Cookie and Co." work had been professionally bound in book form and had a bright yellow, professionally illustrated cartoon of Cookie the car on the front cover.  On information and belief, Defendants had also considered the title "Route 66" for their first motion picture.  Within Plaintiff's works, one of the suggested plots is a race on Route 66.

b. Plaintiff's oldest cartoon car character was named "Stanley."  Defendants used the identical name, "Stanley," for one of their oldest car characters, with a visual appearance substantially similar to Plaintiff's.  Both characters are drawn as a Model T Ford.

c. Plaintiff's lead character car was "James Aston-Martin," a sports car based on the James Bond character.  Defendants' lead character car, "Lightning Mc'Queen," acknowledged by Defendants to have been partially based on Steve McQueen, appears to be an American version of the Plaintiff's lead character car.

d. Plaintiff's second lead character car was "Manny Morris," a broken down salvage truck.  Defendants' second lead character car, "Mater," was also a broken down towing and salvage truck.  On information and belief, Defendants' Mater character was originally conceived as a pristine condition blue wagon, but it was later changed to an old and broken down truck.

e. Plaintiff's third lead character car was "Dr. Damien Daimler," an authority figure.  Defendants' third lead character car, "Doc Hudson," is also a doctor and also an authority figure and appears to be an American version of Plaintiff's third lead character car.

f. Plaintiff's supporting female character car was "Miss Thunderbird Ford," a nineteen "fifties," pink, glamorous movie star with big tail fins.  One of Defendants' two supporting "Motorola Girls" female

character cars was "a nineteen fifties, pink, showgirl with big tail fins." Defendants' version of Miss Thunderbird Ford was shown in pre-production as a Motorola Girl showgirl in the Special Features section of the 2008 DVD release of Defendants' "Cars" but was not used in the film.  On information and belief, this character may be used in Defendants' "Cars 2" or subsequent projects.

g. Plaintiff's second female character car was "Leticia Lancia," a "beautiful cheesecake, Italian movie star with big front bumpers." Defendants' "Flo" was their second glamorous showgirl animated cartoon car character.  In character and visual description, these two movie star/showgirls animated cartoon cars characters are substantially similar.

h. One of Plaintiff's supporting character cars was "Fabrizio Fiat," a small Italian male car that gets emotional very easily.  Defendants featured a supporting character car called "Luigi Fiat," described as big hearted, gregarious, and excitable.

i. Another of Plaintiff's supporting male character cars was "Casper Cadillac," a rich business car past his prime.  One of Defendants' supporting male character cars, "Tex Cadillac," was also a rich business car past his prime.

j. Defendants' "Cars" featured a fast and good looking Italian car called "Michael Shumaker Ferrari."  This character is a composite of Plaintiff's two Italian fast and good looking male cars: the visual appearance of Plaintiff's "Frederico Ferrari" and the described personality of Plaintiff's "Antonio Alfa-Romeo."

k. One of Plaintiff's cartoon character cars was Bruce Holden, described as a cheery Australian station wagon.  Defendants' unnamed version of Bruce Holden was featured on the Menu page of the 2009 release of

7

the Blue Ray DVD version of Defendants' "Cars" but was not used in the film. On information and belief, this character may be used in Defendants' "Cars 2" or subsequent projects.

l.  One of Plaintiff's cartoon character cars was Toshiro Toyota, described as an aggressive Japanese car who always wants to win, much like a Samurai warrior. On information and belief, Defendants' "Cars 2" includes an extremely aggressive car whose sole aim in life is to win by any means and whose design suggests a Samurai warrior's helmet as the car's roof rack.

m. On information and belief, the name Siddeley is used for a character in "Cars 2." The name Siddeley was used by Plaintiff for one of his character cars in his "Cars."

n.  The plots and settings of Defendants' "Cars" and "Cars 2" are also substantially similar to Plaintiff's works, most notably Plaintiff's "Cookie & Co." Both plots revolve around the lead character interacting with other cars and finding themselves with a number of events intermixed to bring about humor and romance and both with the backdrop of a race. For example, on information and belief, Defendants' "Cars 2" involves an international car race beginning in southeast Asia and ending in Hyde Park, England. A storyline in Plaintiff's "Cookie & Co." involves an international car race beginning in Hyde Park, England and ending in southeast Asia. In addition, on information and belief, "Cars 2" features an Alpine Rally wherein a sample script for an Alpine Rally was well delineated in Plaintiff's "Cars." Also, the backdrop of Route 66 was a major element in Defendants' "Cars" wherein a race on Route 66 was one of the suggested plots in Plaintiff's works.

o.  Further, certain scenes are nearly identical when Defendants' "Cars" is

compared to Plaintiff's works.  For example, the first major scene of comedic chaos in each occurs when the fast, lead car gets tangled up in roper or wire, begins dragging things behind it, and wrecking other cars and buildings.

    p.  On information and belief, additional characters, themes, plots, and scenes from Plaintiff's works will be used in Defendants' "Cars 2." For example, on information and belief, Defendants' "Cars 2" involves an espionage/spy action adventure theme for additional excitement, revolving around a James Bond type character and his Miss Moneypenny assistant, named Finn McMissile and Holly Shiftwell. On or about March 8, 2011, Defendants released the trailer for their "Cars 2" featuring Lightning McQueen, Mater, and Finn McMissile. Defendants' Finn McMissile and Holly Shiftwell characters are the same as Plaintiff's James Aston-Martin and Jenny Jaguar.

23.  In or about June 2006, Defendants released their "Cars" motion picture worldwide for theatrical exploitation.  Later, in 2006 Defendants released their "Cars" motion picture in DVD format.  On information and belief, Defendants Disney Enterprises, Inc. and Pixar are the copyright claimants for Defendants' "Cars" motion picture.

24.  In or about October 2008, Defendants began releasing "Cars Toons," also knows as "Mater's Tall Tales."  "Cars Toons" is an animated short television series featuring the characters Mater and Lightning McQueen from the film.  Certain episodes have also premiered as theatrical shorts, such as with the 2008 film *Bolt*, and the series has been released in DVD and Blu-ray formats with additional episodes.  On information and belief, Defendants Disney Enterprises, Inc. and Pixar are the copyright claimants for Defendants' "Cars Toons" works.

25.  Defendants' "Cars" and "Cars Toons" have achieved extraordinary commercial success.  On information and belief, Defendants' "Cars" has earned

1  well over $500 million from its motion picture theatrical and DVD release to date.

2  Further, on information and belief, Defendants' entire "Cars" franchise has

3  garnered additional commercial success through sales or licensing of merchandise

4  and promotional items, including without limitation toys and video games, with an

5  estimated $5 billion in sales.

6      26.  To this day, Defendants continue to commercially exploit "Cars," "Cars

7  Toons," and the associated merchandise and promotional items.

8      27.  On information and belief, Defendants' "Cars 2" is scheduled for theatrical

9  release on June 24, 2011.

10

11                              **III.**

12                    **FIRST CAUSE OF ACTION**

13                  **COPYRIGHT INFRINGEMENT**

14                      **(Against All Defendants)**

15      28.  Plaintiff realleges and incorporates by reference the allegations contained in

16  the preceding paragraphs, as though fully set forth herein.

17      29.  Plaintiff is responsible for the creation of the works titled "Cars" and

18  "Cookie and Co." that have significant value and have been created at considerable

19  expense.

20      30.  Plaintiff is the holder of the pertinent exclusive rights infringed by

21  Defendants, as alleged hereunder, for certain copyrighted works, including but not

22  limited to the works titled "Cars" and "Cookie and Co." (collectively, including

23  derivative works, the "Copyrighted Works").  The Copyrighted Works are the

24  subject of valid Certificate of Copyright Registration, including without limitation

25  Registration Numbers PAu003517316 and PAu003517273, issued by the Register

26  of Copyrights.

27      31.  In or about 1992, 1993, 1994, and 1996, Defendants were given access to

28  Plaintiff's Copyrighted Works when Defendants received an in-person presentation

from Plaintiff and copies of Plaintiff's Copyrighted Works, personally and via mail, which were, upon information and belief, retained by the Defendants, having never been returned to the Plaintiff.

32.  Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, Plaintiff's Copyrighted Works to create derivative works, including without limitation the motion pictures "Cars" and "Cars 2," the television series "Cars Toons," and the associated merchandise and promotional items, which are all substantially similar to Plaintiff's Copyrighted Works.  In doing so, each Defendant has violated the Plaintiff's exclusive rights of preparing derivative works based upon the Copyrighted Works.  Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

33.  The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

34.  As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

35.  The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money, wherein Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's Copyrighted Works.

///

///

///

///

11

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED-IN-FACT CONTRACT

### (Against All Defendants)

36.  Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

37.  In or about 1992, 1993, 1994, and 1996, Defendants were given access to Plaintiff's novel ideas for stories concerning "anthropomorphic" cars characters when they received an in-person presentation from Plaintiff and copies of Plaintiff's written materials related to "Cars" and "Cookie and Co." The ideas were disclosed by Plaintiff for sale to Defendants, and Defendants had an opportunity to reject the submissions before they were made.

38.  Plaintiff's disclosure of the ideas for "Cars" to Defendants was conditioned upon Defendants' agreement to pay for the use of the ideas.  As a result of Plaintiff's disclosure of his ideas on the terms and conditions alleged above, Defendants and Plaintiff entered into an implied-in-fact contract that required Defendants to compensate Plaintiff for its use of Plaintiff's novel ideas related to "Cars" and to ensure Plaintiff received appropriate credit for any production based on Plaintiff's ideas.

39.  Plaintiff has performed each and every obligation required of him pursuant to the terms and conditions of the implied contract with Defendants.

40.  Defendants have breached the implied contract by failing and refusing, and continuing to fail and refuse, to pay any compensation to Plaintiff based on the use of the novel ideas in "Cars" and "Cookie and Co." in the development and production of "Cars," "Cars 2," and "Cars Toons" and to take the steps necessary to obtain for Plaintiff a credit, such as "created by," with respect to "Cars," "Cars 2," and "Cars Toons."

41.  Plaintiff has demanded compensation based on the use of the novel ideas in

"Cars" and "Cookie and Co." but has not received any compensation.

42.  As a direct and proximate result of Defendants' breach of the implied contract, Plaintiff has been damaged in an amount to be determined at the time of trial, plus interest thereon at a rate to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Works, except pursuant to a lawful license or with the express authority of Plaintiff.

2.   For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, on the First Cause of Action;

3.   For general damages on the Second Cause of Action;

4.   For expenses and costs of suit incurred herein;

5.   For Plaintiff's reasonable attorneys' fees; and

6.   For such other and further legal and equitable relief as the Court deems just and proper.

DATED: March 10, 2011                        DUNLAP, GRUBB & WEAVER, PLLC

                                             By: _____
                                                 Nicholas A. Kurtz
                                                 Attorneys for Plaintiff,
                                                 Jake Mandeville-Anthony

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff, Jake Mandeville-Anthony, hereby demands a trial by jury.

3

4

DATED: March 10, 2011

DUNLAP, GRUBB & WEAVER, PLLC

5

6

7

By: _____

Nicholas A. Kurtz

8

Attorneys for Plaintiff,

Jake Mandeville-Anthony

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

COMPLAINT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JAKE MANDEVILLE-ANTHONY

**DEFENDANTS**
THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; DISNEY ENTERPRISES, INC.; PIXAR d/b/a PIXAR ANIMATION STUDIOS; and DOES 1 - 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Nicholas A. Kurtz (SBN 232705)
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty St., SW, Leesburg, Virginia 90210; (703) 777-7319

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Infringement - 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 1331(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**     Case Number: _____   CV11  02137

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | United Kingdom |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The Walt Disney Company - Los Angeles County<br>Walt Disney Pictures - Los Angeles County<br>Disney Enterprises, Inc. - Los Angeles County | Pixar (doing business as Pixar Animation Studios) - County of Alameda |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_    Date March 10, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                           CIVIL COVER SHEET                           Page 2 of 2

Nicholas A. Kurtz (SBN 232705)
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty St., SW
Leesburg, Virginia 90210
Telephone: (703) 777-7319
nkurtz@dglegal.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE MANDEVILLE-ANTHONY, an individual | CASE NUMBER |
| PLAINTIFF(S) | **CV11 02137 VBF** (JEMx) |
| v. | |
| THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; DISNEY ENTERPRISES, INC.; PIXAR d/b/a PIXAR ANIMATION STUDIOS; and DOES 1 - 10, inclusive | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; DISNEY ENTERPRISES, INC.; PIXAR d/b/a PIXAR ANIMATION STUDIOS

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Nicholas A. Kurtz_____, whose address is _199 Liberty St., SW, Leesburg, Virginia 90210_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR 1 4 2011___

By: _____
Deputy Clerk

CHRISTOPHER POWERS

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**



Nicholas A. Kurtz (SBN 232705)
DUNLAP, GRUBB & WEAVER, PLLC
199 Liberty St., SW
Leesburg, Virginia 90210
Telephone: (703) 777-7319
nkurtz@dglegal.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JAKE MANDEVILLE-ANTHONY, an individual<br><br><br>PLAINTIFF(S)<br>v.<br><br>THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; DISNEY ENTERPRISES, INC.; PIXAR d/b/a PIXAR ANIMATION STUDIOS; and DOES 1 - 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11 02137 VBF (JEMx)<br><br><br>**SUMMONS** |
|---|---|

TO:    DEFENDANT(S): THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; DISNEY ENTERPRISES, INC.; PIXAR d/b/a PIXAR ANIMATION STUDIOS

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Nicholas A. Kurtz _____, whose address is 199 Liberty St., SW, Leesburg, Virginia 90210 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    MAR 1 4 2011 _____

By: _____
CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

COPY