1  David R. Singer (State Bar No. 204699)
   HOGAN LOVELLS US LLP
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California  90067
3  Telephone:  (310) 785-4600
   Facsimile:  (310) 785-4601
4  david.singer@hoganlovells.com

5  Sanford M. Litvack (State Bar No. 177721)
   HOGAN LOVELLS US LLP
6  875 Third Avenue
   New York, New York 10022
7  Telephone:  (212) 918-3000
   Facsimile:  (212) 918-3100
8  sandy.litvack@hoganlovells.com

9  Attorneys for Defendants
   THE WALT DISNEY COMPANY,
10 WALT DISNEY PICTURES,
   DISNEY ENTERPRISES, INC.
11 and PIXAR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JAKE MANDEVILLE-ANTHONY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, WALT DISNEY PICTURES, DISNEY ENTERPRISES, INC., PIXAR d/b/a PIXAR ANIMATION STUDIOS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 11-2137 VBF (JEMx)<br><br>Complaint Filed:  March 14, 2011<br><br>**DEFENDANTS' OBJECTIONS TO AND REQUEST TO STRIKE HUNTER DECLARATION AND PORTIONS OF PLAINTIFF'S OPPOSITION BRIEF**<br><br>Date:       August 1, 2011<br>Time:       1:30 p.m.<br>Location:   Courtroom 9<br><br>Hon. Valerie Baker Fairbank |

Defendants The Walt Disney Company, Walt Disney Pictures, Disney Enterprises, Inc. and Pixar ("Defendants") hereby object to and request to strike: (1) the declaration of Dr. Lewis Hunter (the "Hunter Declaration") filed in support of plaintiff Jake Mandeville-Anthony's Opposition to Defendants' Motion for Judgment on the Pleadings; (2) all citations to, references to, and arguments that rely on the Hunter Declaration in Plaintiff's Opposition; and (3) all pages of Plaintiff's Opposition that exceed the page limits mandated by the Local Rules and this Court's Standing Order. These objections are made on the grounds that the Hunter Declaration contains argument, opinions, and other "facts" that go far beyond the four corners of Plaintiff's Complaint and, as a matter of law, are not properly before the Court in connection with Defendants' FRCP 12(c) motion. Additionally, Plaintiff's 36-page Opposition exceeds the 25-page limit under Central District Local Rule 11-6 and this Court's Standing Order. Thus, pages 26 through 36 should also be stricken.

## I.  THE COURT SHOULD STRIKE THE HUNTER DECLARATION IN ITS ENTIRETY

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to the standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055, n.4 (9th Cir. 2011). When ruling on such motions, a court may consider the allegations in the complaint, documents incorporated by reference into the complaint, and judicially noticeable materials. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323 (2007); *Milne v. Slesinger, Inc.*, 2003 WL 21076983, *3 (C.D. Cal. May 8, 2003). The court may not take into account any other facts beyond the complaint that are presented in opposition to a Rule 12(b)(6) or Rule 12(c) motion. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197, fn.1 (9th Cir. 1998); *Williston Basin Interstate Pipeline Co. v. Exclusive Gas Storage Leasehold, et al.*, 524 F.3d 1090, 1096 (9th Cir. 2008). For this reason, district courts disregard and strike any declarations filed in opposition to such

motions. *See Bender v. LG Electronics U.S.A., Inc.*, No. CV 09-02114 JF (PVT), 2010 WL 889541, *6 (N.D. Cal. Mar. 11, 2010) (the Court "may not consider at this time declarations filed in opposition to a motion to dismiss"); *Heyer v. Governing Bd. of Mt. Diablo Unified Sch. Dist.*, No. C-10-4525 MMC, 2011 WL 724736, *2 fn.1 (N.D. Cal. Feb. 22, 2011) (same); *Jackson v. Cate*, No. CV 09-01326-PSG DTB, 2010 WL 4668311, *1 (C.D. Cal. Oct. 7, 2010) (court granted motion to strike declaration filed in support of opposition to motion to dismiss); *Pistoresi v. Madera Irr. Dist.*, No. CV-F-08-843-LJO-DLB, 2009 WL 302067, *3 (E.D. Cal. Feb. 6, 2009) (court struck plaintiff's declaration filed in opposition to Rule 12 motion); *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 968 (N.D. Cal. 2010) (excluding declaration from consideration in ruling on motion to dismiss).

Here, Plaintiff did exactly what the foregoing rules forbid: he submitted an 11-page declaration from a supposed expert replete with factual assertions about matters outside the pleadings, improper opinions, argument, and legal conclusions. Putting aside the fact that Plaintiff's supposed "expert" was never disclosed under Rule 26, and that he admits he never even read the entire *Cookie & Co.* work and never watched *CARS Toon* or *CARS 2*[1] the Hunter Declaration is patently improper and should be stricken.

## II. THE COURT SHOULD STRIKE ALL CITATIONS AND REFERENCES TO THE HUNTER DECLARATION THAT APPEAR IN PLAINTIFF'S OPPOSITION

For the same reasons discussed above, courts also disregard any factual assertions contained in an opposition brief that go beyond the allegations of the complaint. *Schneider*, 151 F.3d at 1197, fn.1. Plaintiff's Opposition contains <u>68</u> citations and references to the Hunter Declaration. Large swaths of the Opposition are nothing but bare recitals of Dr. Hunter's impermissible assertions. *See*, *e.g.*, Opp. at pp. 12-15, 19-23, and 27. Because the Opposition brief contains facts,

---

[1] *See* Hunter Declaration, ¶¶ 7-10.

opinions and argument outside the pleadings, the Court should disregard and strike the portions that cite to, reference, incorporate, or rely on the Hunter Declaration. *Schneider*, 151 F.3d at 1197, fn.1; *Williston*, 524 F.3d at 1096.

### III. THE COURT SHOULD STRIKE PAGES 26 THROUGH 36 OF PLAINTIFF'S BRIEF BECAUSE THEY EXCEED THE ALLOWABLE PAGE LIMIT

Central District Local Rule 11-6 unequivocally states that "[n]o memorandum of points and authorities . . . shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge." Separately, this Court's Standing Order states that opposition briefs "shall not exceed 25 pages" and that exceptions will only be made in "rare instances and for good cause." Standing Order § 9.c. It is well within the Court's discretion to enforce these clear rules by striking Plaintiff's brief in its entirety, or at least those pages that exceed the page limits. *See Green v. California Court Apartments LLC*, 321 Fed. Appx. 589, 591 (9th Cir. 2009) (unpublished) (holding that district court did not abuse its discretion by striking motion that exceeded page limit under local rules); *see also Jackson*, 2010 WL 4668311, at *1 (court granted motion to strike 46-page opposition to motion to dismiss because it exceeded page limit set by Local Rule 11-6); *Fahmy v. Hogge*, No. CV 08-1152 PSG SHX, 2008 WL 4614322, at *2 (C.D. Cal. Oct. 14, 2008) (holding "it is within the Court's discretion to strike oversized briefs in their entirety" and refusing to consider pages of plaintiff's brief that exceeded page limit set by Local Rule 11-6 and court's Standing Order); *Broden v. Marin Humane Soc'y*, No. 97-0008 SBA, 1997 WL 818587, at *3 (N.D. Cal. Nov.14, 1997), citing *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (striking motion for summary judgment because motion exceeded the page limit imposed by Local Rules). Furthermore, as Judge Gutierrez explained in *Fahmy v. Hogge*, "ignorance is no excuse," especially when a party is represented by counsel. 2008 WL 4614322, at *2. "The page limit on motions is not a complex technical procedural

requirement. [The party] needed only to read the Court's Standing Order to learn of this simple rule." *Id.* (cites and quotes omitted).

Here, counsel did not seek leave to file an oversized brief from the Court, and did not raise this possibility with defense counsel, despite having ample time to do so. It would be fundamentally unfair for a party to violate the Local Rules and the Court's order without consequence. Accordingly, the Court should strike and disregard pages 26 through 36 of the Opposition.

## IV. CONCLUSION

Because the Hunter Declaration is improper in the context of this motion for judgment on the pleadings, the Court should sustain Defendants' objections and strike the declaration in its entirety, as well as all references to, citations to and arguments based on it in the Opposition. The Court should also strike and disregard pages 26 to 36 of Plaintiff's Opposition brief.

Date: July 18, 2011                        HOGAN LOVELLS US LLP

                                           By: _____/s/_____
                                               David R. Singer

                                           Attorneys for Defendants
                                           THE WALT DISNEY COMPANY,
                                           WALT DISNEY PICTURES,
                                           DISNEY ENTERPRISES, INC.
                                           and PIXAR

\\\LA - 022031/000020 - 488118 v6                4