UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-2137-VBF(JEMx)**                    Dated: **September 28, 2011**

Title:   Jake Mandeville-Anthony -v- The Walt Disney Company, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

        Joseph Remigio                                None Present
        Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

    None Present                                  None Present

**PROCEEDINGS (IN CHAMBERS):**        COURT ORDER DENYING MOTION FOR
                                      ATTORNEYS' FEES [DOCKET NO. 49]

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. Accordingly, the hearing set for September 19, 2011 at 1:30 p.m. is **VACATED** and the matter taken off-calendar.

    The Court has received, read and considered Defendants' Motion for Attorneys' Fees [Docket No. 49], Plaintiff's Opposition [Docket Nos. 57], and Defendants' Reply [Docket No. 60]. For the reasons stated herein and in Plaintiff's filings, the Motion for Fees [Docket No. 49] is **DENIED.**

**I. Attorneys' Fees under 17 U.S.C. § 505**

    The Copyright Act gives a court discretion to award reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. In determining whether to award attorneys' fees, the Court determines whether the successful prosecution or defense furthered the purposes of the Copyright Act. *Mattel, Inc. v. MGA Ent., Inc.*, 2011 WL 3420603, at *1 (C.D. Cal. Aug. 4, 2011). In addition to the relative success of the action, relevant factors include frivolousness, motivation, objective unreasonableness, and deterrence. *Id.* The Ninth Circuit also considers whether the chilling effect of attorneys' fees may be too great or impose an inequitable burden on an impecunious plaintiff. *Ets-Hokin v. Skyy*

MINUTES FORM 90                              Initials of Deputy Clerk  ___jre___
CIVIL - GEN

*Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). The reasonableness of any fees are calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable industry hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing party bears the burden of establishing the reasonableness of attorneys' hourly rates and hours expended. *See id*.

    As Plaintiff argues, Defendants have not adequately shown that awarding fees would further the purposes of the Copyright Act. While Plaintiff's claims fell short of the legal standard, Defendants have not shown that Plaintiff's suit was ill-motivated, and not simply stemming from an erroneous understanding of the extent of copyright protection. *See Reed v. Peterson*, 2005 WL 1522187, at *7 (N.D. Cal. June 27, 2005) (quotation marks and citations omitted). Defendants do not argue that any lucrative settlement was ever demanded, nor that Plaintiff actually filed a motion for a preliminary injunction. Second, Defendants have not shown that such fees would not have a chilling effect and disincentivize potentially meritorious claims, nor that the fees would not impose an inequitable burden on an impecunious plaintiff. *See Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Accordingly, Defendants have not adequately demonstrated that the Court should exercise its discretion in awarding attorneys' fees.

    Nor have Defendants provided billing records or invoices to substantiate the reasonableness of any requested attorneys' fees. While Defendants suggest that they have not done so because such records contain attorney work product and attorney-client communications, Defendants could have submitted such records in redacted form to avoid any privilege concerns or have obtained a protective order. *See Mattel, Inc. v. MGA Ent't, Inc.*, 2011 WL 342603 (C.D. Cal. Aug. 4, 2011). Without such records, neither the Plaintiff nor the Court can assess whether the fees claimed are reasonable or were necessarily incurred. While Defendants offer up the records for *in camera* review, such a review would circumvent the adversarial process. The descriptions of the work provided in Defendants affidavits are conclusory or generic and prevent detailed analysis of their reasonableness. Defendants do not cite adequate authority showing that it is proper to award fees without providing adequate documentation as to the fees incurred. Accordingly, Defendants have not demonstrated the reasonableness of the fees requested.

**IT IS SO ORDERED.**